■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK MICHAEL FRISSINA, Appellant.— Judgment of the County Court, Suffolk County, rendered January 13, 1967, affirmed. No opinion. Beldock, P. J., Rabin, Hopkins and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: The judgment convicted appellant of the sale (first count) and possession (second count) of a narcotic drug, marijuana (Penal Law, § 1751, subds. 1, 3), sentenced him to a term of five to seven years on the first count and suspended sentence on the second count. The evidence produced by the prosecution indicated that appellant had sold marijuana to one Delaney, who was employed by the Suffolk County Police Department at $75 a week to uncover evidence and otherwise entrap suspects in connection with the sale of narcotics. He had entered such employ around June, 1965, after he had been convicted of petty larceny and given a suspended sentence. The sale was allegedly made on September 20, 1965, at 7:00 P.M., in West Sayville, L. I. Appellant testified on his own behalf and denied that he had sold any marijuana to Delaney. Moreover, he maintained that he was at his karate school in Patchogue, L. I., at the time of the alleged sale. His alibi was a plausible one and, moreover, there was testimony from ostensibly disinterested witnesses tending to support it, thus creating a close question as to whether he was present at the time and place when and where the sale allegedly took place. Yet, there was not a single instruction to the jury on alibi. Appellant's attorney requested an instruction thereon. The record indicates that the

following took place: "MR. BARNETT: The defendant has no exception. It has requests. As to the alibi, may we respectfully request the Court instruct that the defendant has raised an issue of fact as regards the alibi of being at his karate school on September 22nd and — THE COURT: On when? "MR. BARNETT: On September 20 — I beg your pardon — of 1965. And this is to be considered a rebuttal of the evidence introduced by the People. The purpose is to prove that the defendant being in another place, could not have committed the offenses charged. THE COURT: I think this has been implicit. The jury's understanding of the nature of his testimony and his witnesses is basically alibi testimony, a denial of guilt and positive assertion that he was somewhere else at the time." In my opinion, the response of the court was not only inadequate but also unclear. Under the circumstances of the case, the court should have charged substantially as follows: "If proof as to an *alibi* raises a reasonable doubt in the minds of the jury as to whether the accused was present at the place and time where and when the crime was committed, the accused is entitled to have the defense fairly treated like any other defense and is not obliged to establish that it was impossible for him to commit the act charged. If under the evidence tending, if true, to prove an *alibi*, it may have been *possible* for the defendant to have committed the crime, it is still for the jury to determine whether, if the evidence is true, he availed himself of the possibility it afforded. * * * If proof as to an *alibi*, when taken into consideration with all the other evidence, raises a reasonable doubt as to the defendant's guilt, he is entitled to an acquittal" (*People* v. *Barbato,* 254 N. Y. 170, 178–179). In other words, it is not necessary or required that a defendant should show that it was impossible for him to have committed the crime. Under the circumstances, and in the interests of justice, the conviction should be reversed and a new trial ordered.